# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSO BAILEY,<br><br>                                     Plaintiff,<br>   vs.<br><br>STEVEN CLARKE; MARILU MARCQ; SAN DIEGO COUNTY SHERIFF WILLIAM GORE; and CLANCY'S TOWING, INC.,<br><br>                                     Defendants. | CASE NO. 12cv1100-IEG(BLM)<br><br>Order Granting Motion to Proceed *In Forma Pauperis*; Ordering U.S. Marshals Service |

      Plaintiff Russo Bailey has filed a complaint as well as a motion to proceed *in forma pauperis* (IFP). Upon review, the Court GRANTS Plaintiff's motion to proceed IFP, and DISMISSES the Complaint with leave to amend.

### *Motion to Proceed In Forma Pauperis*

      Pursuant to 28 U.S.C. § 1915(a)(1), the court may authorize the commencement of any action without prepayment of fees upon a showing "that the person is unable to pay such fees or give security therefor." Here, Plaintiff's application demonstrates he is unable to pay the filing fees to initiate this action. Therefore, his motion to proceed IFP is GRANTED.

### *Initial Screening*

      After granting IFP status, the Court must dismiss the case if the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); see also Lopez v. Smith, 203 F.3d 1222, 1226-29 (9th Cir. 2006) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits

1  but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a
2  claim).  In order to properly state a claim for relief, "a complaint must contain sufficient factual
3  matter, accepted as true, to 'state a claim to relief that is plausible on its face'."  <u>Ashcroft v. Iqbal</u>,
4  556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

5  "[W]hen determining whether a complaint states a claim, a court must accept as true all
6  allegations of material fact and must construe those facts in the light most favorable to the
7  plaintiff."  <u>Resnick v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000).  In addition, the Court has a duty
8  to liberally construe a pro se's pleadings, <u>see</u> <u>Karim-Panahi v. Los Angeles Police Dep't</u>, 839 F.2d
9  621, 623 (9th Cir. 1988), which is "particularly important in civil rights cases."  <u>Ferdik v.</u>
10 <u>Bonzelet</u>, 963 F.2d 1258, 1261 (9th Cir. 1992).

11  Here, the Court finds Plaintiff's Complaint survives the sua sponte screening required by
12 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Accordingly, Plaintiff is entitled to U.S. Marshal service
13 on his behalf pursuant to 28 U.S.C. § 1915(d) and FED.R.CIV.P. 4(c)(3).

14  ### *<u>Conclusion</u>*

15  For the reasons set forth herein, the Court orders as follows:

16  1.  Plaintiff's motion to proceed *in forma pauperis* is GRANTED;

17  2.  The Clerk shall issue a summons as to Plaintiff's Complaint and shall and forward
18 it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant.  In addition, the
19 Clerk shall provide Plaintiff with a certified copy of this Order  and a certified copy of his
20 Complaint and the summons for purposes of serving the Defendants.  Upon receipt of this "IFP
21 Package," Plaintiff is directed to complete the Form 285 as completely and accurately as possible,
22 and to return it to the United States Marshal according to the instructions provided by the Clerk in
23 the letter accompanying his IFP Package.  Thereafter, the U.S. Marshal shall serve a copy of the
24 Complaint and summons upon the Defendants as directed by Plaintiff on the USM Form 285.  All
25 costs of service shall be advanced by the United States.  *See* 28 U.S.C. § 1915(d); FED.R.CIV.P.
26 4(c)(3).

27  3.  Plaintiff shall serve upon the Defendants or, if appearance has been entered by
28 counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted

1 for consideration of the Court.  Plaintiff shall include with the original paper to be filed with the
2 Clerk of the Court a certificate stating the manner in which a true and correct copy of any
3 document was served on the Defendants, or counsel for Defendants, and the date of service.  Any
4 paper received by the Court which has not been filed with the Clerk or which fails to include a
5 Certificate of Service will be disregarded.

6     **IT IS SO ORDERED**.

7 **DATED:  June 4, 2012**

8     _____
    **IRMA E. GONZALEZ, Chief Judge**
9     **United States District Court**