# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSO BAILEY,<br><br>        Plaintiff,<br><br>  vs.<br><br>STEVEN CLARKE, et al.,<br><br>        Defendants. | CASE NO. 12-CV-1100 - IEG (KSC)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>[Doc. No. 13] |

Before the Court is Defendants' motion to dismiss the complaint. [Doc. No. 13.] For the reasons and to the extent discussed below, the Court hereby **GRANTS** Defendants' motion.

## BACKGROUND

On May 4, 2012, *pro se* Plaintiff Russo Bailey filed the operative complaint, along with a motion to proceed *in forma pauperis*. [Doc. Nos. 1, 2.] His complaint names Defendants San Diego County Sheriff William Gore, two Sheriff's Deputies, Steven Clarke and Marilu Marcq, and Clancy's Towing, Inc, and alleges that he was unlawfully arrested on January 24, 2012, jailed for three days, and had to pay a $449.25 fine to recover his impounded van. [*Id*. at 2-3.] His complaint seeks a permanent injunction and money damages for claims both under an array of criminal statutes, [*see, e.g., id.* at 3 (asserting "California Penal Code §215 [carjack], and California Vehicle Code § 10851.(a) [grand theft auto] . . ."); at 5-8 ("robbed of property, carjacked . . .;" "willfully disables or incapacitates any driver . . .;" "Robbery PC §211 . . . kidnap, Penal Code §209 . . . Penal Code §999b, §667, §1170.12 and carjackers §215.")], and also, most

liberally construed, under 42 U.S.C. § 1983 for unlawful arrest, excessive force, and unlawful policies. [*See id.* at 5-6, 8.]

On June 6, 2012, the Court granted leave to proceed *in forma pauperis* and ordered service of the complaint. [Doc. No. 3.] As of October 15, 2012, the complaint had not been served and thus the Court noticed a November 6, 2012 dismissal hearing for want of prosecution pursuant to Fed. R. Civ. P. 4(m). [Doc. No. 5.] On October 26, 2012, Plaintiff returned executed summons as to each Defendant, [Doc. Nos. 8-11], and the Court accordingly vacated the Rule 4(m) dismissal hearing, [Doc. No. 12].

On November 15, Defendants filed the present motion to dismiss, arguing that Plaintiff's complaint fails to allege facts sufficient to support a cognizable legal theory and that Sheriff Gore is a state actor immune from liability under the Eleventh Amendment. [Doc. No. 13.] No opposition brief was filed. On December 17, 2012, the Court held a hearing at which Plaintiff failed to appear. [*See* Doc. No. 14.]

## DISCUSSION

### I.     Failure to State a Claim

Under Federal Rule of Civil Procedure 8(a)(2), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) test the sufficiency of this required showing. *New Mexico State Investment Council v. Ernst & Young LLP*, 641 F.3d 1089, 1094 (9th Cir. 2011). "Dismissal is proper when the complaint does not make out a cognizable legal theory or does not allege sufficient facts to support a cognizable legal theory." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). Though *pro se* complaints enjoy "the benefit of any doubt," *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010), Rule 8 still "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

### A.     §1983 Claims

Liberally construed, Plaintiff asserts claims under §1983 for unlawful arrest, excessive force, and unlawful policies. [*See id.* at 5-6, 8.] "To state a claim for relief under section 1983, []

1  Plaintiff[] must plead two essential elements: 1) that the Defendants acted under color of state law;
2  and 2) that the Defendants caused [him] to be deprived of a right secured by the Constitution and
3  laws of the United States." *Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th Cir. 1997).

4  　　　Even affording every benefit of the doubt, Plaintiff's §1983 claims amount to unadorned
5  accusation. It is plausible that at least the Sheriff's Department Defendants, as law enforcement
6  officials, acted under the color of state law. *See Dang Vang v. Vang Xiong X. Toyed*, 944 F.2d
7  476, 479 (9th Cir. 1991) ("generally, a public employee acts under color of state law while acting
8  in his official capacity or while exercising his responsibilities pursuant to state law."). But
9  exceedingly few facts are pled and no attempt is made to explain how any Defendant purportedly
10 violated any of the array of statutes cursorily invoked. [*See* Doc. No. 1.] No facts are alleged
11 regarding the circumstances that led to Plaintiff's arrest, why or how his van was impounded, what
12 occurred during his arrest or confinement that might constitute any aspect of his claims, or how
13 any of the Defendants were involved. [*Id*.] As such, the complaint fails to allege sufficient facts
14 to support any cognizable legal theory and thus should be dismissed. *See Cervantes*, 656 F.3d at
15 1041. Still, because Plaintiff may be able to add allegations sufficient to state a claim, Plaintiff's
16 §1983 claims are **DISMISSED WITHOUT PREJUDICE**.

17 　　　**B.    Claims Under Criminal Statutes**

18 　　　Plaintiff also asserts claims under an array of criminal statutes. [*See, e.g.*, Doc. No. 1 at 5-
19 8 (invoking "Penal Code §999b, §667, §1170.12 and carjackers §215").]  Generally, criminal
20 statutes do not confer private rights of action, and thus any party asserting such a private right
21 bears the burden of establishing its existence. *Stupy v. United States Postal Serv*., 951 F.2d 1079,
22 1081 (9th Cir. 1991) (identifying factors that may establish a private right of action conferred
23 under a criminal statute). Here, all such claims "must be dismissed because Plaintiff has provided
24 no authority or argument supporting his implicit contention that he may maintain a private right of
25 action under th[ese] criminal statute[s]." *Yeager v. City of San Diego Cal*., 2007 WL 7032933, at
26 *9 (S.D. Cal. June 1, 2007). Moreover, "[i]t is well settled that a private citizen may not use the
27 courts as a means of forcing a criminal prosecution," *Johnson v. Wennes*, 2009 WL 1228500, at
28 *4 (S.D. Cal. May 5, 2009) (citing *United States v. Nixon*, 418 U.S. 683, 694 (1974)), and thus "an

1  individual may not bring criminal charges against someone by filing a complaint in this Court," *id*.
2  (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)); *see also Diamond v. Charles*, 476
3  U.S. 54, 64-65 (1986) (private individuals lack standing to assert criminal statutes).  As no
4  amendment could remedy these fundamental flaws, all claims based on the array of criminal
5  statutes referenced in the complaint are **DISMISSED WITH PREJUDICE**.  *See Johnson*, 2009
6  WL 1228500, at *4 (dismissing with prejudice private individual's attempt to state criminal
7  claims).

### C. Request for a Permanent Injunction

Plaintiff also requests a permanent injunction "that prevents the defendant in any way, reporting any and all information connected with this action or any illegal information suggesting bad history of the plaintiff to any other person or organization, or material/electrical data storage device." [Doc. No. 1 at 8.]  A "plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *ebay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).  As Defendants correctly (albeit cursorily) note, Plaintiff's complaint does not allege facts sufficient to plausibly satisfy this standard.  [*See* Doc. No. 13 at 4. ("As for Plaintiff's request for an injunction, Plaintiff states no authority for such a request and alleges no facts to support the propriety of such a request.").]  Moreover, the few facts Plaintiff does allege, centering on his purportedly wrongful arrest and fees incurred for vehicle impoundment, undermine any suggestion that monetary damages would be inadequate compensation.  [*See* Doc. No. 1 at 2-3.]   Because remedies available at law can adequately compensate for the injuries Plaintiff alleges, his request for a permanent injunction is **DENIED WITH PREJUDICE**.

## II. Immunity Under the Eleventh Amendment

Defendant Gore also asserts that, in his official capacity as San Diego County Sheriff, he constitutes a state actor and is thus immune from liability under the Eleventh Amendment. [Doc.

1 No. 13 at 4-5.  Though states and state representatives sued in their official capacity are immune
2 from suit under the Eleventh Amendment, *Howlett v. Rose*, 496 U.S. 356, 365 (1990), local
3 governments and representatives are not.  *Monell v. New York City Dept. of Social Servs.*, 436 U.S.
4 658, 694 (1978).  And § 1983 claims, such as those presented here, "against government officials
5 in their official capacities are really suits against the governmental employer because the employer
6 must pay any damages awarded."  *Butler v. Elle*, 281 F.3d 1014, 1023 n. 8 (9th Cir. 2002).  Thus,
7 Defendant Gore's purported Eleventh Amendment immunity depends on whether, in his official
8 capacity as San Diego County Sheriff, he acts a state or county representative.

9      In *McMillian v. Monroe County*, the United States Supreme Court addressed a similar
10 situation involving a sheriff in Alabama, and instructed that in determining whether a government
11 official is representative of a state or local entity, a court should consider the actual function of the
12 government official as well as pertinent state law, which, though not dispositive, will often provide
13 useful guidance.  520 U.S. 781, 783-84 (1997).  The Ninth Circuit, in *Brewster v. Shasta County*,
14 applied *McMillian* to a case arising in California and held that sheriffs in California are employees
15 of their local county, not the state.  275 F.3d 803, 807-809 (9th Cir. 2002).  Two years after that
16 Ninth Circuit ruling, the California Supreme Court, in *Venegas v. County of Los Angeles*,
17 expressly rejected *Brewster* as wrongly decided and reached the opposite conclusion, finding
18 sheriffs in California to be state actors.  32 Cal.4th 820 (2004).  In light of *McMillian*'s instruction
19 that state law often provides useful guidance, district courts in California are split; some courts
20 following Ninth Circuit authority per *Brewster*, some courts following the more recent California
21 Supreme Court ruling in *Venegas*. *Compare Fontana v. Alpine Cty*, 750 F.Supp.2d 1148, 1153
22 (E.D. Cal. 2010) ("This Court will follow the Ninth Circuit . . . precedent[] and find . . . sheriffs
23 are county actors who are not protected by Eleventh Amendment immunity."), *with Johnston v.*
24 *County of Sonoma*, 2011 WL 855934, at *2 (N.D. Cal. March 9, 2011) ("Whether sheriffs are state
25 or local officials for purposes of section 1983 suits challenging police practices is a somewhat
26 open question . . .").

27      Though the United States Supreme Court held that this "inquiry is dependent on an
28 analysis of state law," the Court also explicitly termed it a "federal question [that] can be answered

only after considering [] provisions of state law." *McMillian*, 520 U.S. at 786. Moreover, the Ninth Circuit has subsequently emphasized the federal nature of § 1983 claims, regardless of California interpretation. *See Streit v. County of Los Angeles*, 236 F.3d 552, 563 (9th Cir. 2001) ("even if the case were on all fours we would not be bound by [a California court's] conclusion regarding section 1983 liability because such questions implicate federal, not state, law."). Accordingly, although the question of whether sheriffs are state or local actors must be informed by state law, it ultimately remains a federal, not state, question for purposes of precedential authority. *See Fontana*, 750 F.Supp.2d at 1153. As such, the Ninth Circuit's holding in *Brewster*, rather than the California Supreme Court's contrary holding in *Venegas*, controls here. Under controlling Ninth Circuit precedent, Sheriff Gore, in his official capacity, represents the county of San Diego, not the State of California, and therefore is not immune here under the Eleventh Amendment.

## CONCLUSION

For the reasons above, the Court hereby **DENIES WITH PREJUDICE** Plaintiff's request for a permanent injunction and **DISMISSES WITH PREJUDICE** all claims to the extent they are premised on criminal statutes, including Plaintiff's First ("robbed of property, carjacked . . ."), Second ("willfully disables or incapacitates any driver . . ."), Fourth (conspiracy), and Sixth ("Robbery PC §211 . . . kidnap, Penal Code §209 . . . Penal Code §999b, §667, §1170.12 and carjackers §215") claims for relief. Plaintiff's §1983 claims are **DISMISSED WITHOUT PREJUDICE**, and Plaintiff is granted leave to file an amended complaint limited to those claims no later than February 18, 2013.

**IT IS SO ORDERED.**

**DATED:**   December 21, 2012

**IRMA E. GONZALEZ**
**United States District Judge**